IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

PAUL VASQUEZ,

        Plaintiff,

        vs.               Case No. 5:08-CV-01629 JTM

CITY OF COLTON; et al.,

        Defendants.

MEMORANDUM AND ORDER

This matter is before the court on an amount of sanctions issue. Pursuant to the court's prior Order, the defendant City of Colton submitted a Declaration seeking attorney fees of $15,434.40, together with $717.28 in expenses. Defendant seeks an hourly rate of $219 applied to what defendant states is a reasonable time spent responding to the Motion for Writ and preparing the request for sanctions. Defendant claims the rate charged is below the prevailing rate and is reasonable.

In response, plaintiff argues that defendant's fee request includes "duplicative, unreasonable or excessive" charges. (Dkt. 37, at 3). Second, plaintiff seeks a reduction in the request, arguing the blended rate imposed for both associate and partner work is unreasonable. Third, plaintiff objects to taxing certain cost, claiming those costs are not recoverable under 28 U.S.C. § 1920. Fourth, plaintiff objects to the imposing of sanctions for the cost of both responding to the initial Complaint and filing the Motion for Sanctions, arguing the court found only the claim advanced under Section

1094.5 to be frivolous, not the entire Complaint. (*Id.* at 6-8). Finally, plaintiff again argues that sanctions should not be imposed at all, focusing on the merits of his § 1094.5 claim. (*Id*. at 8-11).

The court rejects the plaintiff's last two arguments. The issue now before the court is the amount of sanctions. The plaintiff's last argument merely repeats matters which were or should have been presented in direct response to the Motion for Sanctions, and in any event presents no valid basis for the court to revisit its prior findings. Similarly, the plaintiff's fourth argument is without merit, as the court in its discretion finds that including the general cost of responding to the Complaint, where the parties attention has largely focused on the § 1094.5 claim, is a useful touchstone for determining an appropriate and effective deterrent sanction.

The court also denies the plaintiff's two requests that the court judicially notice the pleading history of, *Augustein v. Prihar*, Case No. 06CC04529 (Orange Co. Sup. Ct. 2006), a California state case. The court declines. There is no indication that any appellate court in the *Augustein* case addressed the sole issue at hand, the appropriateness of sanctions, let alone the amount.

The court rejects plaintiff's argument that the requested rate is excessive. The evidence establishes that the blended hourly rate requested is reasonable in light of the defense counsel's (higher) standard fee imposed in other cases, the prevailing rate in the local area, and the complexity and serious nature of the issues involved in the case.

The court does sustain certain of plaintiff's objections to the fee request, noting the defendant's Objections (Dkt. 39) to plaintiff Vasquez's Response. Those Objections present no direct rejoinder to Vasquez's challenge to specific amounts in the award request.

Specifically, Vasquez challenges $760.83 in specific costs included in the fee request (as cited in plaintiff's memorandum, the defendant's filing shows a claim for only $717.28 in costs),

on the grounds that these are not contemplated by § 1920. He also challenges several specific charges for attorney or paralegal time.

The court agrees the defendant has not tied these sums to the amount awarded as sanctions in the court's prior Order. Of the plaintiff's ten specific challenges to attorney fee time (Dkt. 37, at 3-4), the court concurs with the third, fifth and sixth. Specifically, the court finds that the charge for the notice to Chief Judge Miller (0.5 hour) is not directly related to the fees contemplated in the court's prior Order, and that defendant's time expended in researching Rule 11 and drafting the motion for sanctions (28.9 hours) is excessive. The court finds the remaining defense charges reasonable and appropriate given the serious nature and complexity of the present litigation and otherwise denies plaintiff's challenges. The court will reduce the challenged hours for preparation and drafting of the sanctions motion by 14 hours, finding the remaining charge reasonable given the nature of the case.

Accordingly, the court will award sanctions in the requested amount of $15,434.40, less $3,175.50 (14.5 hours at the requested rate), and no costs.

IT IS ACCORDING ORDERED this 23rd day of February, 2011 that the defendants be awarded sanctions in the amount of $12,258.90. The plaintiff's Requests for Judicial Notice (Dkt. 36, 38) are denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE

3